IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LUKE KELLER,
No. 08961-029

    Petitioner,

vs.              Case No.  14-cv-00680-DRH

JAMES N. CROSS, et al.[1]

    Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

  Petitioner Luke Keller is currently incarcerated at the Federal Correctional Institution in Greenville, Illinois. He is serving a 247-month sentence for a drug offense. Keller has filed a petition pursuant to 28 U.S.C. § 2241 seeking restoration of 14 days of good conduct time that he lost in 2012 after a disciplinary conviction for fighting (*see* Doc. 1, pp. 20-21). Keller principally argues that he was denied due process at this disciplinary hearing, in violation of the Fourteenth Amendment.

  This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge

---

[1] Cross is the only named respondent.

must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241.

## The Petition

The events leading to petitioner Keller's disciplinary conviction occurred in September 2011, while he was housed at the Federal Correctional Institution in Oxford, Wisconsin. According to the petition, an inmate was using the prison law library's computer to search for information about inmates, such as who was cooperating with the government. That inmate was then trafficking in that information around the prison, leading to several inmates being attacked.

On September 13, 2011, as Keller was walking around the track, inmate Moline asked, "What's this I hear about your paperwork?" Before Keller could respond, Moline punched him in the face. Moline continued to punch Keller with a closed fist, while Keller attempted to defend himself, blocking punches with his open hands. Other inmates joined in, kicking and stomping on Keller. Both Moline and Keller were issued disciplinary reports for fighting in violation of 28 C.F.R. § 541.13 (offense code 201).

Keller contends that the fact that he, not Moline, was visibly injured evinces that he was the victim, not the aggressor and, therefore, he should not have been charged. Officer Decker rewrote the original report to add that he observed Keller striking Moline with closed fists. Keller, however, contends that surveillance

videotape will show that Moline was the aggressor and that he, Keller, was merely on defense.

Keller complains that his originally scheduled disciplinary hearing was cancelled without explanation. His hearing did not occur until 43 days after the assault, in violation of 28 C.F.R. § 541. Keller asserts that, as a result, a "substitute" hearing officer conducted the hearing, which was not videotaped, and the warden's secretary was not in attendance as usual. The hearing officer's report concluded, "The greater weight of the evidence is with the statements of two staff members who say they observed both Keller and Moline throwing punches with closed fists." (Doc. 1, p. 20). In addition, the report notes that confidential information was used (*Id.*).

Had the hearing officer viewed the surveillance videotape and the pictures taken of the two inmates after the altercation, Keller argues, he would not have been found guilty of fighting. Keller appealed to the Regional Office, which responded that Keller had not requested the videotape be viewed. Keller argues that surveillance tapes should automatically be viewed, otherwise the prion is in the position of withholding exculpatory evidence. The administrative review process was exhausted, to no avail. The controlling principle being that self-defense is not a defense. Keller complains that the process was untimely at every step.

Keller's Section 2241 petition presents three issues:

1. The Bureau of Prisons ("BOP") acted with deliberate indifference in allowing inmates access to case law that reflects that inmates

    were confidential informants, and the failing to protect him and others from retribution, all in violation of the Eighth Amendment;

2. The BOP's assertion that inmates have no right to self-defense violates Keller's rights under the Fourth, Eighth and Fourteenth Amendments; and

3. Officer Decker's false statements about seeking Keller strike Moline with closed fists is false and triggers a liberty interest protected under the Due Process Clause of the Fourteenth Amendment, as well as the Fifth and Sixth Amendments.

(Doc. 1, pp. 13-14).

Keller prays that his disciplinary conviction be expunged and his good time credit be restored. He also requests that the BOP hereafter always preserve surveillance tapes and make them available throughout the disciplinary process, and take steps to ensure inmates' names cannot be searched in prison law libraries, so as to prevent inmates being harmed. He also asks for a public trial, and for this case to be sealed and unpublished.

## Discussion

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a petitioner is challenging the fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). A claim for restoration of wrongfully revoked good conduct credit is properly brought in a Section 2241 action. *See Jones v. Cross,* 637 F.3d 841 (7th Cir. 2011); *Waletzki v. Keohane,* 13 F.3d 1079 (7th Cir.1994).

**Civil Rights Claims**

Without commenting on their merits, Keller's civil rights claims regarding endangerment must be brought in a civil rights action, not a habeas petition. *See Graham v. Broglin,* 922 F.2d 379, 381–82 (7th Cir.1991); *Glaus v. Anderson,* 408 F.3d 382, 386–87 (7th Cir. 2005). Because petitioner is a federal inmate, that action would be brought pursuant to *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971).

**Due Process**

Keller premises the attack on his disciplinary sentence upon two constitutional principles, the Fourteenth Amendment right to due process, and the Eighth Amendment, which prohibits cruel and unusual punishment. Although the Eighth Amendment issue usually falls under the reach of a *Bivens* action, in *Nelson v. Campbell,* 541 U.S. 637, 643 (2004), the Supreme Court recognized that, Section 1983 yields to the more specific habeas statute when the fact of confinement or duration of confinement is challenged. Therefore, the Court will focus exclusively on petitioner Keller's due process arguments.

As a preliminary matter, it is noted that an extreme "frame-up," where no subsequent procedural fairness could uncover the truth, can constitute a substantive due process violation triggering the due process protections. *See Langerstrom v. Kingston*, 463 F.3d 621, 625 (7th Cir. 2006). However, the petition does not sufficiently plead such a situation relative to whether Officer

Decker lied about seeing Keller hit Moline with an open fist.  Therefore, only procedural due process is at issue.

In the context of a prison disciplinary hearing, due process requires that the prisoner receive (1) written notice of the claimed violation at least 24 hours before hearing; (2) an opportunity to call witnesses and present documentary evidence (when consistent with institutional safety) to an impartial decision-maker; and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action.  *See Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *Wolff v. McDonnell*, 418 U.S. 539 (1974).

A disciplinary decision must also be supported by "some evidence" to satisfy due process.  *Scruggs,* 485 F.3d at 941(quoting *Superintendent, Mass. Corr. Inst., Walpole v. Hill,* 472 U.S. 445, 455 (1985)); *Jones v. Cross*, 637 F.3d 841, 845 (7th Cir. 2011).  In reviewing the sufficiency of the evidence, the Seventh Circuit has instructed that lower courts are to apply a lenient standard when determining "whether there is *any* evidence in the record that *could* support the conclusion reached by the disciplinary board."  *See Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (emphasis in original).

There is no dispute that Keller received written notice of the disciplinary charge well in advance of his hearing—he simply dislikes the revised charge.

Keller does not allege that the hearing officer was not impartial.  Rather, Keller would have preferred the "usual" hearing officer.

Even though material exculpatory evidence must be disclosed in a prison disciplinary proceeding (*see Jones*, 637 F.3d at 847), any failure to review requested photos of Moline to support Keller's self-defense argument is, at worst, harmless error. Inmates lack a constitutional right to assert self-defense in disciplinary proceedings. See *Scruggs v. Jordan*, 485 F.3d 934, 938-39 (7th Cir. 2007). Similarly, the failure to disclose the surveillance video amounts to only harmless error (*Id.*). The video was admittedly not requested as evidence in advance of the hearing. Of course, Keller's argument rests on the assumption that the video would exculpate him. However, inmate Sutton was interviewed, backing up Keller's version of events. However, the hearing officer found the statements of two officers had greater weight. It is not within the province of this Court to reweigh the evidence or make credibility determinations. *See Hill*, 472 U.S. at 455. Thus, there was some evidence to support the finding of guilt, which is all that the Fourteenth Amendment requires in this situation.

Lastly, it is noted that there is no dispute that Keller received a written statement of the rationale for the decision and the evidence relied upon.

**IT IS HEREBY ORDERED** that, for the reasons stated, Luke Keller's Section 2241 petition (Doc. 1) is **DISMISSED** with prejudice. Judgment shall enter accordingly. The Court offers no opinion regarding the merits of a possible civil rights action.

**IT IS FURTHER ORDERED** that petitioner's motion to seal this case is **DENIED**. No rationale has been stated for that extraordinary step.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal in this district court within thirty days of the entry of judgment. FED.R.APP.P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED.R.APP.P. 24(a)(1)(C). *If* petitioner does choose to appeal and *if* he is allowed to proceed as a pauper, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED.R.APP.P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008).

A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**Signed this 14th day of July, 2014.**

Digitally signed by David R. Herndon
Date: 2014.07.14 13:15:50 -05'00'

**Chief Judge**
**United States District Court**