# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**LUKE KELLER,**

       **Petitioner,**

vs.                                          Civil No. 14-cv-00680-DRH-CJP

**WARDEN, TOM WATSON**
       **Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Luke Keller (Petitioner), a federal inmate, filed a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) to restore good-conduct credit he lost after a disciplinary officer found him guilty of fighting another inmate.

## Relevant Facts and Procedural History

In September 2011, Petitioner was charged with fighting another inmate in violation of the Bureau of Prison's disciplinary code. *Keller v. Cross*, 603 F. App'x 488, 489 (7th Cir. 2015). At the disciplinary hearing, Petitioner denied fighting. *Id.* He contended he was attacked but threw "no punches" at his assailant. *Id.* Another inmate who witnessed the altercation corroborated Petitioner's version of events. *Id.* The hearing officer, however, gave more credit to two staff members who testified they saw Petitioner "throwing punches with closed fists." *Id.* The hearing officer noted Petitioner did not submit documentary evidence and found him guilty of the charge. *Id.* Petitioner received twenty-one days in segregation, a loss of fourteen days of good-time credit, and a ninety-day loss of phone

privileges. *Id.*

Petitioner appealed to the regional director, arguing the hearing officer refused to view video and photos of the incident. *Id.* According to Petitioner, the photos would prove he did not fight back, because they showed his face was injured, while the other inmate's face was not. *Id.* The regional director did not address Petitioner's argument and denied his appeal, concluding the hearing officer's decision rested on sufficient evidence. *Id.* at 489-90. Petitioner appealed the denial to the central office, which also denied his appeal. *Id.* at 490.

Petitioner then filed a petition under § 2241 in this Court to restore his good-conduct credit. *Id.* He argued substantial evidence did not support the finding of guilt and that the hearing officer did not review the photos or surveillance video. *Id.* This Court dismissed the petition on preliminary review, concluding it was meritless. *Id.* Petitioner appealed to the Seventh Circuit. *Id.*

On appeal, the Seventh Circuit affirmed the dismissal of all but one of Petitioner's arguments. *Id.* at 491. They remanded Petitioner's case for this Court to determine: (1) whether Petitioner timely requested a review of the potentially exculpatory photos and, if so, (2) whether the hearing officer ignored the request. *Id.* at 490.

## Analysis

The Supreme Court has held that procedural due process extends to inmates during disciplinary proceedings. *Wolff v. McDonnell*, 418 U.S. 539, 563 (1974). At a minimum, inmates must receive "advance written notice of the

claimed violation and a written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken." *Id.* In addition, inmates "should be allowed to call witnesses and present documentary evidence in [their] defense" when it would not be "unduly hazardous to institutional safety or correctional goals." *Id.* at 566. The Seventh Circuit has expounded that disciplinary officers "may not arbitrarily refuse to consider exculpatory evidence simply because other evidence in the record suggests guilt." *Whitford v. Boglino*, 63 F.3d 527, 536 (7th Cir. 1995). However, "inmates must request the evidence before or at the hearing, since due process does not require hearing officers to consider evidence that could have been but was not presented at the hearing." *Keller v. Cross*, 603 F. App'x 488, 490 (7th Cir. 2015).

On remand, Respondent refutes that Petitioner requested the photos at his disciplinary hearing. Respondent, nonetheless, asserts the hearing officer viewed the photos as part of the incident report. (Doc. 24, pp. 4-5).

Respondent set forth an affidavit from James Pfeifer, the officer who conducted Petitioner's disciplinary hearing. (Doc. 24, Ex. 1). Mr. Pfeifer attested that he reviewed the incident report before reaching his decision, which includes photographs of both inmates involved in the fight. (Doc. 24, Ex. 1, p. 2). Respondent attached the entire re-written incident report, which contains photographs of Petitioner and his alleged assailant. (Doc. 24, Ex 2, pp. 11-34). The photographs are located at pages 15-17.

In response, Petitioner maintains he requested the photographs at his

hearing.[1]  He further argues the photographs in the report "are so darkened" that the Court cannot confirm Petitioner injuries or the alleged aggressor's unscathed face.  (Doc. 28, pp. 10-11).  Petitioner also asserts the original incident report did not include the photographs, but Mr. Pfeifer manipulated and fraudulently altered the incident report to included references to the photographs for this review.  *Id.* at 15-16.

Petitioner's allegations against Mr. Pfeifer are entirely baseless.  The record indicates the photographs of Petitioner and his supposed attacker were included in the re-written report Mr. Pfeifer reviewed in determining Petitioner's guilt at the disciplinary hearing.  See Doc. 24, Ex. 2, pp. 11-34.  Additionally, Petitioner received the incident report prior to his hearing (Doc. 1, p. 7) but did not object to the quality of the photographs until he filed his reply to Respondent's response to his § 2241 petition (Doc. 28).  Finally, the "Discipline Hearing Officer Report" that summarizes the hearing suggests Petitioner did not request a review of the photographs at the hearing.  The report provides, "Documentary Evidence: The inmate did not submit documentary evidence."  (Doc. 24, Ex. 2, p. 2).

The totality of the evidence weighs against Petitioner; it shows the hearing officer considered the photographs at the disciplinary hearing and, furthermore, Petitioner did not object to the quality of the photos or otherwise raise any issue as to the photos at the hearing.

---

[1] Petitioner continues to assert that the BOP is suppressing evidence and violating his due process and equal protection rights.  However, this Court already dismissed those claims and the Seventh Circuit affirmed the dismissal.  The Court's analysis, therefore, is limited to the narrow issues of whether Petitioner timely requested a review of the photographs and, if so, whether the hearing officer actually considered the photographs.

**Conclusion**

Petitioner has not demonstrated he was denied due process in connection with the disciplinary proceedings. Therefore, his Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 **(Doc. 1)** is **DENIED.**

The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

Judge Herndon
2017.11.29
16:50:04 -06'00'

**United States District Judge**

## Notice

If petitioner wishes to appeal the denial of his petition, he may file a notice of appeal with this court within sixty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Federal Rule of Civil Procedure 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the 60-day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.

It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).